UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KENNETH COLEMAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-327-CCB-SJF |
| BRADY THOMAS, BRIAN MILLER, ZACK SHIFFLET, JOSHUA CARPENTER, | |
| Defendants. | |

## OPINION AND ORDER

Kenneth Coleman, a prisoner without a lawyer, filed an amended complaint against DeKalb County Sheriff Brady Thomas, Sgt. Brian Miller, Lt. Zack Shifflet, and Cpt. Joshua Carpenter. ECF 14. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Coleman alleges that, on June 12, 2025, he was subjected to a strip search, x-rays, and a body cavity search after someone started a rumor about him. No contraband was located during the search. As a pretrial detainee, Coleman retains his Fourth Amendment rights against unreasonable searches and seizures. *Brown v. Polk Cnty.*, 965

F.3d 534, 537–38 (7th Cir. 2020). But the fact of his detention impacts what searches are reasonable under the Fourth Amendment. *Id.* Reasonableness is evaluated by "balancing 'the need for the particular search against the invasion of personal rights that the search entails.'" *Id.* at 538 (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). Relevant factors are "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* (quoting *Bell*, 441 U.S. at 559). Searches "that expose an individual's bare body and genitals are an extraordinary interference with privacy." *Haro v. Porter Cnty.*, 129 F.4th 992, 996 (7th Cir. 2025) (quotation marks omitted). "When a jail instead singles out individual detainees for strip searches, [courts] have held that such searches must be justified by reasonable suspicion." *Id.*

Coleman does not provide any information about the rumor that prompted this search, other than the name of the person who allegedly started the rumor. Furthermore, while he has sued four individuals, the body of the amended complaint does not mention them by name at all. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Coleman's complaint is far too vague to permit a plausible inference that Sheriff Brady Thomas, Sgt. Brian Miller, Lt. Zack Shifflet, or Cpt. Joshua Carpenter violated Coleman's privacy rights when he was searched on June 12, 2025.

The amended complaint is short on facts, dates, and specifics about the search and how the defendants were involved in the search. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The amended complaint does not state a claim for which relief can be granted. If Coleman believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above

3

the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Kenneth Coleman until **February 16, 2026**, to file an amended complaint; and

(2) **CAUTIONS** Kenneth Coleman that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 12, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT