UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KENNETH COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>BRADY THOMAS, BRIAN MILLER, ZACK SHIFFLET, JOSHUA CARPENTER,<br><br>Defendants. | CAUSE NO. 1:25-CV-327-JD-SJF |

OPINION AND ORDER

Kenneth Coleman, a prisoner without a lawyer, filed a third amended complaint against DeKalb County Sheriff Brady Thomas, Sgt. Brian Miller, Lt. Zack Shifflet, and Cpt. Joshua Carpenter. ECF 14. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Coleman alleges that, on June 12, 2025, he was subjected to a strip search after inmate Samson Cole wrote officers a note saying that he had what they wanted, that his bunkie had it, and that he wanted to be moved to a block without restrictions. Lt. Shifflett interviewed Cole and Cole produced a piece of paper with a brownish green

substance on it that Cole said was marijuana. Cole indicated he obtained the paper from Coleman the previous night. Cole claimed that Coleman stored his stash of marijuana in a band tied around his thigh.

Based on this information, Cpt. B. Miller and Officer D. Patterson performed a strip search on Coleman. Lt. Z. Shifflett was also present. During the strip search, officers found a green band around Coleman's thigh, which was consistent with the information they received from Cole. Coleman removed it, but all three officers stated they could clearly see a portion of the green band inside his anal cavity. Coleman was transported to a medical facility where additional testing was performed, but neither the green portion of the band that officers' thought was in Coleman's anus nor any contraband was located during the search. The paper Cole provided to officers tested positive for THC. Medical staff indicated that they had not provided Coleman with a band like what was around his thigh. While charges were brought against Coleman based on these events, they were later dropped because no contraband was found on Coleman.

In Coleman's earlier complaint, he challenged the legality of the search. As a pretrial detainee, Coleman retains his Fourth Amendment rights against unreasonable searches and seizures. *Brown v. Polk Cnty.*, 965 F.3d 534, 537–38 (7th Cir. 2020). But the fact of his detention impacts what searches are reasonable under the Fourth Amendment. *Id.* Reasonableness is evaluated by "balancing 'the need for the particular search against the invasion of personal rights that the search entails.'" *Id.* at 538 (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). Relevant factors are "the scope of the

particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* (quoting *Bell*, 441 U.S. at 559). Searches "that expose an individual's bare body and genitals are an extraordinary interference with privacy." *Haro v. Porter Cnty.,* 129 F.4th 992, 996 (7th Cir. 2025) (quotation marks omitted). "When a jail instead singles out individual detainees for strip searches, [courts] have held that such searches must be justified by reasonable suspicion." *Id.*

It appears Coleman has abandoned his claim based on the lawfulness of the search. To the extent he may have intended to state a claim based on the search, this court would not permit him to proceed. The note and statements of Cole were sufficient to provide reasonable suspicion to justify the strip search.

Coleman also asserts that he was falsely charged with trafficking and possessing marijuana; charges that were later dropped because no contraband was found other than what was produced by Cole. "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (cleaned up). In general, "[p]robable cause is a common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred." *Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021) (quoting *Whitlock v. Brown*, 596 F. 3d 406, 411 (7th Cir. 2010)). Probable cause is not a "high bar," and requires "only a probability or substantial chance of criminal activity,

not an actual showing of such activity." *Washington*, 98 F.4th at 875. Additionally, once a judicial determination of probable cause has occurred in a criminal case, a "rebuttable presumption of probable cause" arises in the related civil case. *Id*. at 863. That presumption can be overcome by showing the defendants: (1) "knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer," and (2) "that the false statements were necessary to the judicial officer's determination that probable cause existed for the arrest." *Id*. at 864 (quoting *Whitlock*, 596 F.3d at 410).

Coleman has provided a copy of the probable cause affidavit. ECF 31-1 at 1-4. He claims the charges were dropped because it was "all a lie" (ECF 31-1 at 1), but he does not identify any specific facts in the probable cause affidavit that he claims are false. It cannot be plausibly inferred from the facts in the amended complaint that Lt. Shifflet knowingly or intentionally made any false statement in the probable cause affidavit. To the extent that the alleged lie is that the officers saw part of the green band in Coleman's anus, that assertion was not necessary to the determination that probable cause existed. The officers had received statements from Cole and a piece of paper that tested positive for THC that Cole claimed to have received from Coleman. Cole told them about the band around Coleman's thigh, and his description proved accurate. Medical staff confirmed that Coleman did not receive that band from them. In short, there would have been probable cause to arrest Coleman on charges of trafficking and possession of marijuana even if the officers had not claimed they saw the green band in Coleman's

anus. Therefore, to the extent Coleman is suing because he believes he was falsely charged with trafficking and possession, he cannot proceed.

Finally, the body of the amended complaint does not mention either Brady, Thomas or Carpenter by name at all. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). It cannot be plausibly inferred from the allegations in Coleman's amended complaint that either Brady, Thomas or Carpenter violated any of Coleman's rights.

The amended complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). This is, however, Coleman's fourth complaint; he has already amended three times. "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, allowing Coleman to amend his complaint a fourth time would be futile.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on October 8, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT